**BAKER v STATE (2 cases)**

Ohio Appeals, 2nd Dist, Franklin Co

Nos 2397 & 2398. Decided April 19, 1934

McMahon & Kanter, Columbus, for plaintiffs in error.

Donald J. Hoskins, Prosecuting Attorney, Columbus, and Eugene Carlin, Ass't Prosecuting Attorney, Columbus, for defendant in error.

**OPINION**

By HORNBECK, PJ.

The section of the Code cited, and which is controlling, is §1668 GC which, insofar as pertinent, reads:

"The provisions of the law relating to error proceedings from the Court of Common Pleas, * * * shall apply to prosecutions

of persons over 18 years of age under this chapter, and from the judgment of a judge of the Court of Common Pleas in such prosecutions error may be prosecuted to the Circuit Court of the county under laws governing prosecution of proceedings in error in other criminal cases to such Circuit Court."

The jurisdiction of the Court of Appeals is derived from §6, Article 4 of the Ohio Constitution:

"The Court of Appeals shall have * * * appellate jurisdiction in the trial of chancery cases, and to review, affirm, modify or reverse the judgments of the Court of Common Pleas, Superior Court, and other courts of record within the district as may be provided by law."

It will be noted that on appeal the extent of the jurisdiction is found in the Constitution. On error the court has only such jurisdiction as may be provided by law. So that, unless by the letter of the statute or by necessary inference the Court of Appeals is clothed with jurisdiction to review on error causes arising in the Juvenile Court, such jurisdiction can not be exercised. The jurisdiction of the Juvenile Court in a general way, as affects dependency and delinquency of children, relates to minors under the age of eighteen years "and their parents, guardians or any person, persons, corporation, or agent of a corporation, responsible for, or guilty of causing, encouraging, aiding, abetting or contributing toward the delinquency, neglect or dependency of such minor." (§1642 GC).

Thus, it will be seen that the jurisdiction of the court pertains to children under eighteen and certain adults over eighteen.

The §1668 GC defining error jurisdiction, formerly quoted, makes no mention of proceedings in error from the judgment of a judge of any of the courts mentioned in that section as relates to minors under the age of eighteen years. The only authorization specified has application to prosecution of persons over eighteen years of age. It, therefore, seems conclusive that this court is given no jurisdiction to consider and determine proceedings on error directed to the judgment in this case, which was on dependency charges affecting minors under the age of eighteen years.

It is true that this court has entertained jurisdiction in error proceedings like unto the instant case, wherein the question of the jurisdiction of the reviewing court was not urged. However, we have examined the two cases cited by counsel for plaintiff in error as tending to disclose that the Supreme Court has entertained proceedings in error cases and find that neither case was a direct proceeding in error from the judgment of the Juvenile Court.

The exact nature of the proceeding in **Rarey v Schmidt, 115 Oh St, 518,** does not appear from the opinion, but it is there stated that it was a collateral attack on the original judgment.

**Lewis v Reed, 117 Oh St, 152,** proceeds in the Court of Common Pleas as an action in habeas corpus.

We have examined the cases in the Supreme Court involving jurisdiction of the Juvenile Court and find no case in the last ten years there presented or determined, wherein the express question found in the instant case appears.

We are cited **In Re Januszewski, 10 OLR, 151.** This decision was written by Judge Sater of the United States District Court and is a well considered opinion, wherein is discussed the scope of the jurisdiction of the Juvenile Court, together with observations on its humanitarian purposes. It was germane to a determination of the case that consideration be given to the denial of the right of Januszewski to appeal or prosecute error from the judgment of the Juvenile Court. The fourth syllabus reads:

"Nor is there merit in the contention that the petitioner was denied his full rights by reason of the fact that the juvenile act does not afford opportunity for appeal or prosecution of error, inasmuch as it is the settled rule in Ohio that there can be no appeal or proceedings in error from one judicial tribunal to another unless the right thereto is given by statute."

The motion of defendant in error to dismiss the proceedings in error will be sustained.

BARNES, J, concurs. 