## STATE v HAYES

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3021. Decided Oct. 9, 1939.

Ralph J. Bartlett, Prosecuting Attorney, Columbus; E. B. Paxton. Asst. Prosecuting Attorney, Columbus, for appellee.

L. P. Henderson, Columbus, for appellant.

**OPINION**

By GEIGER, J.

This cause had its inception in the Court of Domestic Relations on October 27, 1938. An affidavit was filed by Marie Schreiner, the Probation Officer of Franklin County, in which it is recited that she has knowledge of Mary Lou Hayes, a minor, and the said minor appears to be a "neglected child". It is stated that Mary Lou Hayes is in the custody of Mrs. Geneva O'Brien, maternal aunt, residing at London, Ohio.

On January 24, 1939, the cause came on for hearing and the court found Mary Lou Hayes to be a neglected child and made her a ward of the Court and granted the custody to her maternal aunt until the further order of the Court "to all of which findings and order Jesse B. Hayes excepts".

A motion for a new trial was filed by Jesse B. Hayes, father of Mary Lou Hayes, on the ground, in substance, that the court erred in admitting certain testimony; that the findings of the Court are contrary to evidence and should have been for a dismissal of the complaint, and that the same is contrary to law. This motion is signed by the attorney for Jesse B. Hayes. The motion was overruled and exception taken by Jesse B. Hayes. Notice of appeal on questions of law is given, signed by L. P. Henderson, attorney for appellant, there being no statement of the appellant's name or whether the appellant be the child or the father of the child.

On February 4, 1939, there was filed in this court an entry under the title "State of Ohio, Appellee v Mary Lou Hayes, Appellant," the entry stating that the cause came on to be heard upon the motion of the appellant for leave to perfect an appeal and leave was granted "said Appellant, Jesse B. Hayes," to perfect his appeal in this Court. This entry is signed by one of the Judges of this Court. Under the same caption "The State of Ohio, Appellee, v Mary Lou Hayes, Appellant" there is filed in this court a notice of appeal signed by the attorney for appellant.

We think the case was properly captioned in the Court of Domestic Relations as "In the matter of Mary Lou Hayes, a Neglected Child" and that this caption should have been retained in this Court. It will readily appear that there is a question as to who is the appellant, whether the child or her father.

The Bill of Exceptions shows the major portion of evidence taken in the Court below is devoted to attempted proof on the part of the State that Mary Lou Hayes is not the daughter of Jesse B. Hayes. The story disclosed is too sordid and disgusting for recitation here. Suffice it is to say that the mother of the child was divorced from her second husband and thereafter Mary Lou was born at such a period of gestation that it is uncertain whether

she might have been the offspring of her mother's divorced husband or some other man. Subsequent to her divorce, the mother lived with Hayes frankly, as he testified, in immoral relation. The child was taken to the house in which the two lived and was known as Mary Lou Hayes. There is an assertion made by witnesses that the birth certificate of the child states that some man other than Hayes or the former husband of the mother was the father of the child. About two years afterwards, Hayes married the mother and acknowledged that he was the father of the child.

Certainly there is no doubt that the parties come clearly within the provisions of §10,-503-15, which provides in substance that when by a woman a man has a child and afterwards intermarries with her, such issue, if acknowledged by him as his child, will be legitimate. Whatever male may have been the source of the life of Mary Lou, it is clear that Hayes has assumed the responsibility for her, and according to the statute is the father of the child and the child is legitimate. We think it ill becomes the State of Ohio to endeavor to show that Hayes is not the father of the child when such showing would necessitate the conclusion that the child was and is still illegitimate. We trust that in any further proceedings in this case the State will accept the provision of the statute and cease its effort to demonstrate that the child is now illegitimate.

The matter presented by the attorneys is not without difficulty.

The affidavit filed by the Probation Officer on the 27th of October, 1938, makes no reference to Hayes as the father of the child, and Hayes was not notified by any of the citations provided for notifying interested parties. He, however, came into court and asserted that he was the father of the child and that he had a home fit for her care.

In order to prove that he was not fit to care for the child, the State introduced testimony of immoral and lascivious relations indulged in by Hayes

with the child, then seven years of age. Counsel for Hayes objected to this testimony on the ground that all transactions testified to occurred before the effective date of the new Juvenile Court code, which was August 19, 1937. In the new code, §1639-3 defines a "neglected" child and states for the purpose of the chapter the word includes any child falling within six descriptive paragraphs. Only one seems to fit the facts sought to be proved in this case:

"2. Who lacks proper paternal care by reason of the faults or habits of its parents, guardian or custodian."

The incidents testified to occurred in 1936 and prior thereto. For more than three years the child has been with her maternal aunt in London, Ohio, where none of the acts complained of could have affected her. It is asserted by counsel that inasmuch as the new Code went into effect at a date subsequent to the immoral acts described by the witnesses, that they were not competent to prove the "neglect" of a child whose neglect was provided for in a statute effective subsequent to the acts described. The Act provides that in a proceeding affecting a child, it shall not be necessary to describe in the complaint the facts other than to use the words of the statute.

We may, therefore, consider the question of the competency of the evidence of acts occurring prior to the adoption of the Code as they are pertinent in the determination of whether or not the child, who is in this case described as "neglected", falls within any of the descriptive paragraphs of §1639-3. As we have before stated, No. 2 seems the only appropriate paragraph and it is there declared that a child is "neglected" who lacks proper parental care by reason of the faults or habits of its parents. A fault or habit may be a continuing defect of an individual. If the evidence given in reference to the action of Hayes established a fault, even though that fault were prior to the enactment of the Code, the court would

have a right to consider the evidence adduced to determine whether or not that parent continued to have the defect after the adoption of the Code. If the Court below believed the evidence, the Court was justified in arriving at the conclusion that Hayes had habits and defects which would make the child a "neglected" child at the time action was brought.

It is true that Hayes denied the allegation and the mere fact that the child had not been with him for three years was conclusive that he was not continuing the obnoxious actions toward the child. Nevertheless, the Court has the right to consider that there is such a taint on the character of Hayes as to make him one whose parental care would be improper by reason of his faults and habits.

We, therefore, conclude that the evidence was proper and sufficient to justify the court in finding that Mary Lou was at the time of the hearing a "neglected child".

We are further confronted with the question of appeal and as to whether or not this case is in any way properly before this Court.

The Prosecuting Attorney states that the only questions raised by the appeal are:

1. Was Hayes, the alleged father, a party to the proceedings such as gives him a right to prosecute an appeal?

2. Was the order of the court finding that the child was a "neglected child" and awarding custody to the maternal aunt, an order from which an appeal might be prosecuted?

As to the first claim of the Prosecuting Attorney, we reiterate that the affidavit in no way mentions Hayes but that he did come into the court of his own volition and apparently seeks to prosecute an appeal, even though he has used the child as the Appellant rather than himself. At first blush it would seem to be a harsh rule if a father, from whom a child has been taken by the order of the court, might

not prosecute an appeal to review the action of that court.

We, however, have a statutory declaration of the rights of appeal. §1639-51 provides that the provisions of the law relating to appeal on questions of law from Courts of Common Pleas shall apply to prosecution of adults under this chapter, and from such prosecution an appeal on questions of law may be taken to the Court of Appeals. An appeal shall not be taken to the Court of Appeals except upon good cause shown, or unless such motion is allowed by such Court.

Jesse B. Hayes was not an adult who was being prosecuted and his attempted appeal was not from such a prosecution. The order of this Court states that "leave is hereby granted said Appellant, Jesse B. Hayes, to perfect his appeal to this Court." That order was ex parte. If the statute does not permit him to appeal, the permission of the Court to perfect his appeal would be without authority and void.

The comment under the section named states "Appeal may be taken only in prosecution of adults; that is, 18 years of age or over." We are not advised as to the author of this comment; nor can we judge of its authority.

We do not, however, consider that it is necessary for us to pass upon this question in view of our determination that the child is, under the statute, a "neglected child".

The third statement of the Prosecuting Attorney is to the effect that the finding of the court that the child is a "neglected child" and committed to her maternal aunt is not a final order that may be reviewed. We do not agree to this. It seems to us that it would be indefensible to hold that an order of the court may be made, affecting vitally not only the infant life but the future career of a child, and an appeal from such order be denied on the ground that it is not a final order affecting the rights of the child.

Many orders which are subject to continuing supervision and change by the Court making the same are final

orders which may be the basis of an appeal. How such an appeal may be perfected by an infant of the age of the girl in the present case need not now be determined, but we are of the opinion . that the order is a final ■■■■■■ order from which an appeal may be perfected.

Judgment affirmed. Cause remanded for appropriate action of the trial court.

HORNBECK, PJ., concurs.
BARNES, J., concurs in judgment.

## APPLICATION FOR REHEARING

No. 3021. Decided Nov. 1, 1939.

BY THE COURT:

Mary Lou Hayes as appellant files an application for rehearing together with a memorandum in support thereof.

The matters presented are of interest, but have already been considered by the court in the original decision, and the court sees no occasion for a rehearing.

The matter is of such importance as to be worthy of consideration by the Supreme Court.

Application for rehearing denied.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.