## IN RE GRIFFIN.

(No. 1756—Decided March 22, 1943.)

Mr. *Benjamin Horn,* for appellee.
Mr. *J. H. Patricoff,* for appellant.

HORNBECK, J. This cause was submitted on motion of Elizabeth Griffin, mother of Marie Anna Mae Griffin, to dismiss the appeal for the following reasons:

(1) That the Court of Appeals is without jurisdiction to grant or hear an appeal in the above matter.

(2) No appeal can be taken from the order of the Juvenile Court made in this matter.

(3) The appeal has not been properly approved.

(4) Good cause has not been shown and neither have the motion and notice to the prosecuting attorney been served for such appeal, nor has the motion been allowed by the court.

For all practical purposes, grounds Nos. 1 and 2 may be combined as may grounds 3 and 4, and we discuss them jointly. Counsel for the motion cites Section 1639-51, General Code, which, among other things, provides that as to prosecution of adults under the Juvenile Court Code, appeals on questions of law may be taken to the Court of Appeals of the county in which the proceeding originated. Then there follows this language:

"An appeal shall not be taken to the Court of Appeals except upon good cause shown, upon motion and notice to the prosecuting attorney, as in civil cases, or unless such motion is allowed by such court."

No motion for allowance to appeal has been filed in this court and, of course, no notice has been given to the prosecuting attorney.

If this is an appeal under the Juvenile Court Code by an adult such procedure is prerequisite to the taking of the appeal to this court. It appears from the transcript of docket and journal entries and the bill of exceptions that this is not an appeal from a prose-

cution of an adult under the Juvenile Court Code and therefore the statute has no application.

It appears that in February 1942, complaint was filed in the Juvenile Division of the Court of Common Pleas of Montgomery county, Ohio, by Mary E. Kramer, supported by affidavit charging that Marie Anna Mae Griffin was a dependent child then in the custody of her mother, Elizabeth Hampton Griffin. Paul Kenneth Griffin was stated to be the father of such child, residing at Jep Hill, Kentucky. Thereafter, citation was issued for the mother and the child and a citation was issued to the father at the address given in the affidavit. Later, it appearing by affidavit of Mary E. Kramer, that the residence of Paul Kenneth Griffin was unknown, that his last known place of residence was Jep Hill, Kentucky, and that citation could not be served upon him, it was ordered that he be served by publication by virtue of Section 1639-25, General Code. It appears that such publication was carried in the Daily Court Reporter for the requisite period of time.

On March 10, 1942, the Juvenile Court made two orders; it is probable that chronologically the orders were made in reverse order from that in which they appear in that transcript: One was an adjudication that such minor is a dependent child and temporary custody was given to Mrs. Elizabeth Hampton Griffin; the other order awarded the exclusive custody of such minor child to Elizabeth Griffin, the mother of the child.

Thereafter, on July 25, 1942, Paul Kenneth Griffin by his counsel filed a motion to vacate previous orders and to dismiss proceedings. This application, reciting the former orders of the court, stated that all proceedings were illegal and contrary to law and that the applicant had no notice of such proceedings and no opportunity to be heard before any orders were made in

the cause. It asserts that the minor child was not and is not a dependent child, and prays that all previous orders made in the case awarding the custody of the child to its mother be vacated and set aside, and that all proceedings therein be dismissed for the reason that they are void.

The matter came on for hearing upon the motion and at the inception thereof this appears in the bill of exceptions:

"By the Court: Let the record show that at a conference of the attorneys with the court, in chambers, it has been agreed and stipulated that the sole issue at the hearing today is whether this court did or did not have the jurisdiction to hear, decide and make the order made herein on March 10, 1942."

We have heretofore directed attention to the fact that there were two orders made on March 10, 1942, but we are of opinion that the motion was directed particularly to the order awarding the custody of the dependent child because the court had no jurisdiction to make such order.

On December 8, 1942, the motion to vacate was overruled and on December 14, 1942, notice of appeal was filed from the order rendered December 8, 1942. The notice continued: "Said appeal is on question of law attacking the jurisdiction of said court in rendering previous orders therein and declaring said child a dependent child". That is to say, the appeal attacks the judgment on two grounds: (1) Want of jurisdiction in the court to enter any order; and (2) in adjudging that the minor was a dependent child. We have held in the case of *Baker* v. *State,* 17 Ohio Law Abs., 384, that an order adjudging a minor to be a dependent or delinquent child is not appealable.

The case of *In Matter of Hayes,* 62 Ohio App., 289, 23 N. E. (2d), 956, in the second paragraph of the sylla-

bus (opinion by Geiger, P. J.), asserts that the order adjudging a minor to be a delinquent child is a final order and it does not affect the question as to the right of an adult to prosecute appeal from that order.

We now have the question clearly made by the motion in this case and it is whether the proceeding which it is sought to review here may be classified as a prosecution of an adult under the Juvenile Court Code and specifically under Section 1639-51, General Code, and whether, therefore, the father, the adult, may appeal from the order.

If the proceeding sought to be lodged in the Domestic Relations Court and the restricted purpose of the hearing as defined by the court relate only to the jurisdiction of the court to make an order respecting the dependency of the minor, then we are of opinion that the appellant misconceived his remedy in the lower court and in this court. It is an anomalous situation for a court which has pronounced a judgment or final order, thereafter, without any specific statutory authority being invoked, to entertain a motion, the determination of which presents but one question, namely, did the court have jurisdiction to enter the former order.

If the court had no jurisdiction whatever of the person or the subject matter, then the order was void and could have been tested by *habeas corpus* proceedings wherein the sole question for consideration would be the jurisdiction of the court to make the order.

The motion to dismiss the appeal will be sustained.

*Motion sustained.*

BARNES, P. J., and GEIGER, J., concur.